IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SETH DEINERT, an individual; and<br>SAMANTHA DEINERT, an individual,<br><br>Plaintiffs,<br><br>-vs-<br><br>PORTABLE STORAGE OF NEBRASKA,<br>LLC, d/b/a PODS, a Nebraska Limited<br>Liability Company; and,<br>PODS ENTERPRISES, LLC,<br>a Florida Limited Liability Company,<br><br>Defendants. | CASE NO.: _____<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs, Seth Deinert and Samantha Deinert, and in support of their Complaint and Demand for Jury Trial, state and allege as follows:

**INTRODUCTION**

1. This case arises out of the wrongful sale of a storage unit leased by Plaintiffs under an agreement with Defendants, in violation of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901 et seq.

**JURISDICTION AND VENUE**

2. Subject Matter Jurisdiction is proper under 28 U.S.C. § 1331 as it is based upon federal question involving allegations of unlawful conduct under the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 et seq.; 50 U.S.C. § 4042 (providing private cause of action).

3. This Court has supplemental jurisdiction over the state law claims contained in this complaint under 28 U.S.C. § 1367 because the state law claims are so related to the federal claim so as to form part of the same case or controversy.

1

4. Venue is proper in this Court under 28 U.S.C. § 1391, because the acts out of which the Plaintiff's Complaint arises occurred within the District of Nebraska, and the contract on which the parties' relationship was based was entered into in the District of Nebraska.

## PARTIES

5. Plaintiff Seth Deinert ("Mr. Deinert"), is and was at all times relevant herein a resident of Lincoln, Lancaster County, Nebraska.

6. Plaintiff Samantha Deinert ("Mrs. Deinert"), is and was at all times relevant herein a resident of Lincoln, Lancaster County, Nebraska.

7. Mr. and Mrs. Deinert ("the Deinerts") are and were at all times relevant herein lawful Husband in Wife under the laws of the State of Nebraska.

8. Mr. Deinert is, and at all relevant times herein was, a member of the Nebraska Army National Guard pursuant to Title 32 of the United States Code.

9. Mrs. Deinert is, and at all relevant times herein was, a member of the Nebraska Air National Guard pursuant to Title 32 of the United States Code.

10. Defendant Portable Storage of Nebraska, LLC, ("PSN") is and was at all times relevant herein a corporate resident with its principal place of business in La Vista, Sarpy County, Nebraska.

11. Defendant Pods Enterprises, LLC, ("PODS") is and was at all times relevant herein a corporate resident with its principal place of business in Clearwater, Pinellas County, Florida.

12. Defendant PSN conducts and at all times relevant conducted business in Nebraska under the PODS name, pursuant to an agreement with PODS.

## FACTUAL BACKGROUND

13. In June 2017, Mr. and Mrs. Deinert were married under the laws of Nebraska.

14. In early August of 2019 the Deinerts entered into a written agreement ("the Agreement") with PODS and PSN, signed by all parties, to lease a storage unit ("the Unit") from PODS and PSN for the bailment of their personal property.

15. Under the Agreement, the Deinerts promised to make sufficient monies available to PSN and PODS on a monthly basis.

16. PSN and PODS held an interest in the property contained in the Unit as security on the performance of the Deinerts' obligations under the Agreement for storage of the Deinerts' personal property and effects.

17. In exchange for the Deinerts' promise, PSN and PODS promised not to enforce any liens, terminate the agreement, or sell the Deinerts' property.

18. PODS and PSN had knowledge that the Deinerts were both newlyweds and Title 32 Service Members at the time the Agreement was executed.

19. In late August 2019, the Deinerts stored nearly all their personal possessions, including everything from household items and still-unopened wedding gifts to heirlooms and keepsakes, in the Unit in preparation for a months-long overseas military service engaging in the war on terror.

20. Subsequent to loading their personal property into the Unit in late August, the Deinerts were mobilized into Federal Service under Title 10 in order to support the Global War on Terror.

21. The Deinerts paid their first installment under the Agreement for the Unit prior to being mobilized into Federal Service under Title 10.

22. As part of their Title 10 mobilization, the Deinerts were then deployed to combat zones in defense of the interests of the United States. The Deinerts maintained their storage unit for the sole purpose of protecting their personal belongings while in Service to the United States. They intended to unpack the Unit at their new home upon completion of their period of active service.

23. However, in February 2020, PODS and PSN sold, or caused the Unit to be sold at an auction in accordance with PODS's and PSN's practices for enforcing or foreclosing on a storage lien.

24. On information and belief, PSN and PODS erroneously believed and documented that the Deinerts were in breach of the Agreement for failure to maintain installment payments.

25. On information and belief, the Deinerts did not in fact breach the contract, because installment payments were set to be automatically withdrawn by PSN and PODS during the term of the Agreement, and the Deinerts' account dedicated to such payments was in fact active and maintained a sufficient balance throughout the term of the Agreement.

26. At all times relevant, and specifically at the time PODS and PSN sold the Unit, the Deinerts were mobilized and deployed for Military Service under Title 10 of the United States Code.

27. At no time did PODS or PSN give the Deinerts advance notice that the Unit was being sold at auction.

28. At no time did PODS or PSN obtain a court order to sell or execute a lien on the Unit.

29. The sale of the Unit terminated the Agreement.

30. The Deinerts returned from their deployment to discover that all of the property and possessions they had stored with the Defendants were gone and irretrievable.

## COUNT I: VIOLATION OF THE SERVICEMEMBERS CIVIL RELIEF ACT

### 50 U.S.C. § 3952 – Protection under installment contracts for bailment

### AGAINST PODS AND PSN

31. Plaintiff incorporates and realleges by reference the allegations in paragraphs 1-30.

32. The Agreement was a contract between the Deinerts and PSN and PODS for the bailment of personal property and was entered into prior to the Deinerts' Title 10 Military Service.

33. PSN and PODS rescinded and/or terminated the Agreement for a breach of its terms during the Deinerts' period of Title 10 Military Service without first obtaining a court order.

34. PODS and PSN thereafter repossessed their property without first obtaining a court order.

35. In February of 2020, PODS and PSN sold the Unit or caused it to be sold at auction.

36. As a result of the agreement being terminated or rescinded the Deinerts have suffered the following damages:

    a. The replacement cost of all property stored within the Unit at the time of the breach;

    b. The reasonable value of costs to cover the loss of use of the property; and,

    c. Other direct and consequential damages resulting from the breach.

37. Additionally, because of Defendants' knowledge that the Deinerts were Service Members engaged in Military Service at the time Defendants terminated the agreement, the Deinerts are entitled to punitive damages under 50 U.S.C. § 4043.

## COUNT II: VIOLATION OF THE SERVICEMEMBERS CIVIL RELIEF ACT

### 50 U.S.C. § 3958 – Enforcement of storage liens

### AGAINST PODS AND PSN

38. Plaintiff incorporates and realleges by reference the allegations in paragraphs 1-37.

39. PSN and PODS had a storage lien on the property contained in the Unit.

40. During the period of the Deinerts' military service, PSN and PODS foreclosed or enforced the storage lien without first obtaining a court order.

41. As a result of this breach the Deinerts have suffered the following damages:

    a. The fair market value of all property stored within the Unit at the time of the breach;

    b. The reasonable value of interest from the date of lien enforcement to present; and,

    c. The reasonable value and costs associated with the loss of use of the property.

42. Additionally, because of Defendants' knowledge that the Deinerts were Service Members engaged in Military Service at the time Defendants foreclosed upon or enforced the lien on the Unit, the Deinerts are entitled to punitive damages under 50 U.S.C. § 4043.

## COUNT III: NEBRASKA STATE LAW NEGLIGENCE

## AGAINST PODS AND PSN

43. Plaintiff incorporates and realleges by reference the allegations in paragraphs 1-42.

44. The Agreement between the Deinerts and PSN and PODS was a bailment for hire.

45. PSN and PODS owed the Deinerts a duty to exercise reasonable due care in maintaining and returning the Deinerts' property in the same condition.

46. PSN and PODS failed to exercise reasonable due care in maintaining and returning the Deinerts' property.

47. On information and belief, PSN and PODS breached this duty in one or more of the following ways:

    a. Failing to maintain an accurate inventory of units;

    b. Failing to sufficiently communicate with the Deinerts during the period of bailment;

    c. Failing to timely withdraw funds offered by the Deinerts in satisfaction of the bailment;

    d. Failing to adequately document or account for payments made by the Deinerts;

6

    e. Failing to associate financial satisfaction of specific bailed units with those respective units;

    f. Failing to accurately identify units prior to designation for auction; and,

    g. Failing to exercise reasonable due care with respect to the Deinert bailors in other ways as may be discovered throughout litigation.

48. As a direct and proximate result of the defendants' failure to exercise due care, the Deinerts have suffered damages including but not limited to:

    a. The fair market value of the property contained within the Unit at the time of the breach;

    b. Special costs arising out of the loss of use of the property contained in the Unit from the time of the breach to present;

    c. Special costs arising out of the Deinerts' attempts to locate, reacquire, and replace the lost property;

    d. Loss of consortium arising out of the Deinerts' need to return from deployment following a new marriage and live with their respective parents without any of their personal property; and,

    e. Emotional Distress arising out of unbearable shock associated with learning that all of their worldly possessions, mementos and heirlooms were forever lost.

## COUNT IV: NEBRASKA STATE LAW BREACH OF CONTRACT
## AGAINST PODS AND PSN

49. Plaintiff incorporates and realleges by reference the allegations in paragraphs 1-48.

50. The Deinerts exchanged promises with PODS and PSN, memorialized in a written agreement executed by all parties.

51. All parties understood the terms of the Agreement at the time it was executed.

52. The Deinerts fully performed under the Agreement by offering the required monthly payments until its termination by PSN and PODS.

53. PSN and PODS breached the agreement when they sold the Deinerts' personal property.

54. Additionally, PSN and PODS failed to exercise the skill and knowledge normally possessed by members of the storage trade in Nebraska.

55. As a result of this breach the Deinerts have suffered the following damages:

    a. The replacement cost of all property stored within the Unit at the time of the breach;
    b. The reasonable value of costs to cover loss of use of the property; and,
    c. Other direct and consequential damages resulting from the breach.

### COUNT V: NEBRASKA STATE LAW CONVERSION
### AGAINST PODS AND PSN

56. Plaintiff incorporates and realleges by reference the allegations in paragraphs 1-55.

57. The Deinerts were at all times relevant the lawful owners of all property contained in the Unit, to the lawful exclusion of all others.

58. PSN and PODS wrongfully and intentionally exercised the rights of ownership and exerted dominion over the Deinerts' property when PSN and PODS took possession of the Unit and sold or caused it to be sold at auction.

59. As a result of the sale of the property contained in the Unit, PSN and PODS wrongfully deprived the Deinerts of the full value of the property contained in the Unit.

60. As a direct result of the wrongful deprivation of the Deinerts' property, the Deinerts have suffered damages including:

    a. The reasonable value of the Deinerts' property at the time the conversion occurred;
    b. Interest on the value of the Deinerts' property from the date of the conversion; and,
    c. Reasonable costs associated with the loss of use of the Deinerts' property.

## COUNT VI: NEBRASKA STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### AGAINST PODS AND PSN

61. Plaintiff incorporates and realleges by reference the allegations in paragraphs 1-60.

62. PSN and PODS knew of the Deinerts' recent marriage, subsequent deployment, and intent to return and settle into a new home as a couple.

63. PSN and PODS recklessly managed their bailment of the Unit by erroneously selling or causing to be sold the entirety of the property within.

64. A civilized society does not tolerate the complete and total dispossession of a new couple's entire collection of life's assets, mementos, heirlooms, particularly in the absence of any advance notice or communication with the rightful owners while they are risking their lives on behalf of the United States of America as deployed Service Members in a time of war.

65. No reasonable young couple could be expected to endure coming home from combat to learn that everything they cherish, hold dear, and have worked for in their lives has been wrongfully taken from them.

66. The Deinerts suffered emotional distress as a result of the defendants' actions that can hardly be imagined by a reasonable person, and which has devastated their lives, their friends, their families, and their marriage.

### DEMAND FOR JURY TRIAL

67. Plaintiffs demand trial by jury on all claims that may be tried to a jury.

### PRAYER FOR RELIEF

Plaintiff respectfully requests judgment against the Defendants, and each of them, for all damages suffered to the extent allowed by law for the following:

A. Special damages as detailed herein suffered by the Deinerts, in an amount to be proven at trial;

B. General damages including the Deinerts' pain and suffering and emotional distress;

C. Attorneys' fees; and,

D. Punitive Damages against PSN and PODS.

Respectfully submitted,
Seth Deinert and Samantha Deinert, Plaintiffs.

/s/ Carey D. Collingham
Carey D. Collingham, #27029
Christopher Ferdico, #20988
BERRY LAW FIRM
6940 O Street, Suite 400
Lincoln, NE  68510
Telephone: (402) 466-8444
Fax: (402) 466-1793
E-mail: careyc@jsberrylaw.com
Attorneys for Plaintiffs